IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MEL JEAN WEBER, et al.,            )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )   No. CIV-05-1175-L
                                    )   (Custer County Case
MOBIL OIL CORPORATION, a            )      No. CJ-2001-53)
corporation, et al.,                )
                                    )
          Defendants.               )

# **O R D E R**

This case has a tortured history. It began on May 18, 2001, when J.C. Dobbins filed an action in the District Court of Custer County, Oklahoma on behalf of himself and a class consisting of "overriding royalty interest owners, owners of net profit interests, and royalty interest owners in gas produced and sold from all wells connected with the Putnam Oswego Unit, Dewy/Custer counties, Oklahoma." Petition at ¶ 7. Dobbins sought damages for breach of contract, conversion, and fraud against the operators of the Putnam-Oswego Unit ("Unit") from 1968 to the present. Mobil Oil Corporation and Mobil Exploration and Producing North America, Inc. (collectively "Mobil"), operators of the Unit from 1968 to 1998, were named as defendants along with the then current owner/operator of the Unit, Whiting Petroleum Corporation ("Whiting").[1] Id. at ¶¶ 16, 18. In the Petition, Dobbins alleged

---

[1] On September 17, 2001, plaintiff dismissed this action against Whiting without prejudice.

1

that Mobil breached section 5.3 of the Plan of Unitization ("Unit Plan") by deducting an unspecified amount of production expenses from the class members' royalty payments. According to Dobbins, section 5.3 of the Unit Plan required that royalty payments be made free and clear of all expenses. Petition at ¶¶ 21, 22, 24. Dobbins contended that this practice also constituted a breach of the individual leases between Mobil and the various class members and that Mobil was liable to the class for conversion and fraud. Id. at ¶¶ 25-29, 34, 36, 38-47.

On June 11, 2001, Mobil removed the action to this court, alleging that the court had diversity jurisdiction. On January 17, 2002, the court granted Dobbins' motion to remand, finding that

> [n]either the Petition nor the Notice of Removal sets forth *facts* from which the court can determine that the jurisdictional amount has been met. There is no indication of the amount allegedly withheld by Mobil, either per person, per leasehold, per year or in the aggregate for the entire class. There is simply no way for the court to ascertain based on either the Petition or the Notice of Removal that there is more than $75,000.00 in controversy with respect to plaintiff's claim that the Unit Plan was breached.

Dobbins v. Mobil Oil Corp., Case No. 01-894-L, Order at 2-3 (W.D. Okla. Jan. 17, 2002) (Doc. No. 27). The case was remanded to the District Court of Custer County, Oklahoma.

On September 7, 2004, Dobbins filed a Motion for Leave to Amend Petition in the Custer County action. Exhibit 16-57 to Notice of Removal in Weber v. Mobil

Oil Corp., Case No. 05-1175-L (W.D. Okla. filed Oct. 6, 2005) [hereinafter cited as "Notice of Removal"]. He sought leave to add six new representative plaintiffs, three new defendants, and additional claims. ExxonMobil Oil Corporation ("ExxonMobil")[2] and Mobil Exploration and Producing North America, Inc. ("Mobil Exploration") strenuously objected. Exhibit 16-58 to Notice of Removal. Thereafter, Dobbins agreed to add only three of the six proposed additional plaintiffs and to add as defendants only two wholly-owned subsidiaries of ExxonMobil – Mobil Exploration and Producing U.S., Inc. ("MEPUS") and Mobil Natural Gas, Inc. ("MNGI"). Exhibit 16-59 to Notice of Removal at 4-5. On December 17, 2004, the Honorable Gale F. Smith held a hearing on Dobbin's motion to amend. At the conclusion of the hearing, Judge Smith held the interest of justice would best be served by permitting Dobbins to amend the petition to add the three additional representative plaintiffs and defendants MEPUS and MNGI. Exhibit 16-78 to Notice of Removal at 29. The court denied Dobbins motion to add claims for conspiracy and breach of duty to market. Id. Dobbins filed the Second Amended Petition on December 21, 2004. Exhibit 16-66 to Notice of Removal. Thereafter, ExxonMobil and Mobil Exploration filed a motion to dismiss, arguing the Second Amended Petition violated the court's order by including claims for conspiracy and breach of the implied duty to market.

---

[2]Effective June 1, 2001, Mobil Oil Corporation's name was changed to ExxonMobil Oil Corporation.

3

Exhibit 16-71 to Notice of Removal.  On February 3, 2005, Judge Smith denied the motion to dismiss.  Exhibit 16-91 to Notice of Removal.

Meanwhile, back in federal court, Coleen Mannering, Charles Kenneth Dodson, and Don Garner filed a class-action lawsuit on October 13, 2004 seeking to recover monies allegedly withheld by defendants ExxonMobil, Mobil Exploration, and Whiting.[3]  <u>Mannering v. ExxonMobil Oil Corp.</u>, Case No. CIV-04-1305-L (W.D. Okla. filed Oct. 13, 2004).  The Mannering Plaintiffs sought to represent a class consisting of "[a]ll individuals and legal entities that have owned or now own a royalty mineral interest in the Unit as defined in the Plan, anytime beginning on the effective date of the Plan" and "all individuals and legal entities that have owned or now own a royalty mineral interest in a tract included within the Unit area from which a Defendant took and received in kind, or separately disposed of, all or a portion of the unitized substances allocated to such tract".  <u>Mannering</u>, Class Action Complaint at ¶ 79(a)-(b) (Doc. No. 1).  The Mannering Plaintiffs asserted claims for breach of the implied duty to market, breach of fiduciary duties, fraud, conversion, breach of contract, tortious breach of contract, violation of the Oklahoma Production Revenue Standards Act, and unjust enrichment.  <u>Id.</u> at ¶¶ 107-14.  In addition to damages, these plaintiffs sought an accounting, declaratory judgment, resulting trust, and constructive trust.  <u>Id.</u> at ¶¶ 115-18.

---

[3] Plaintiffs dismissed the action without prejudice as to Whiting on December 13, 2004 (Doc. No. 21).

On April 6, 2005, the Dobbins Plaintiffs filed a motion to intervene in the federal Mannering action. The Dobbins Plaintiffs sought leave to intervene for the limited purpose of filing a motion asking the court to abstain under the doctrine enunciated in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). On August 19, 2005, the court granted the Dobbins Plaintiffs' motion to intervene and ordered the motion to abstain be filed immediately. Order at 5 (Doc. No. 67). That same date, the Mannering Plaintiffs filed a motion to dismiss without prejudice so they could intervene in the Custer County case. (Doc. No. 69). ExxonMobil and Mobil Exploration objected to dismissal unless the Mannering Plaintiffs paid attorney's fees of $199,673.00. On September 8, 2005, the court granted the Mannering Plaintiffs' motion to dismiss, subject to certain conditions. Specifically, dismissal was conditioned on (1) the Mannering Plaintiffs' seeking to intervene in the Custer County action; (2) the parties' using the discovery and expert witnesses in the Mannering case in the Custer County action "to the greatest extent possible"; and (3) the Mannering Plaintiffs' payment of reasonable fees incurred by defendants in the federal action, which the parties stipulated was equal to $9,090.20. Order at 4 (Doc. No. 77).

Pursuant to this court's order of dismissal, the Mannering Plaintiffs filed a motion to intervene in the Custer County action on September 9, 2005. Exhibit 16-122 to Notice of Removal. Defendants objected to the motion to intervene, arguing it was untimely and the Mannering Plaintiffs sought to assert different claims and to

5

represent a different class. Exhibit 16-129 to Notice of Removal. Judge Smith held a hearing on defendants' Motion to Strike Plaintiffs' Motion for Class Certification and the Mannering Plaintiffs' Motion to Intervene on September 22, 2005. Exhibit 6 to Plaintiffs' and Intervenor Plaintiffs' Motion for Remand in Weber (Doc. No. 32). After hearing arguments, Judge Smith allowed the Mannering Plaintiffs to intervene, holding

> I'm going to let you in, but you're coming to the dance late. So you're going to be bound by what the rules were, what the pleadings were in the case before you [got] in. . . . What I'm telling you is that you are bound by what has taken place in this case before you filed your Motion to Intervene. You're stuck with what I have ruled. . . . We're not going to change the pleadings. We're not going to change the class certification.

Id. at 37-38. Thereafter, the following colloquy occurred between Judge Smith and the Mannering Plaintiffs' attorneys.

> MS. NELSON: So we're bound by the class – I just want to understand, your Honor.
>
> THE COURT: Yeah.
>
> * * *
>
> MS. NELSON: I understand the claims and, you know, the claims they've asserted. I am concerned about the class definition because without Mr. Dobbins we have no representative that's adequate to represent a class that includes working interest owners.[4]

---

[4] Mr. Dobbins filed a Dismissal Without Prejudice on September 16, 2005. Exhibit 16-125 to Notice of Removal.

THE COURT: Well, when he got out it went out with him.

Id. at 38-39.

Pursuant to Judge Smith's order, the Mannering Plaintiffs filed their Petition in Intervention on September 29, 2005. Exhibit 16-131 to Notice of Removal. On October 6, 2005, MEPUS and MNGI removed the Custer County action to this court, claiming the court has jurisdiction under the Class Action Fairness Act ("CAFA"), which was effective February 18, 2005.[5] Notice of Removal at 2. In addition, MEPUS and MNGI alleged the court has diversity jurisdiction over the action, as "[e]ach Mannering Party seeks recovery exceeding $75,000.00 and there is complete diversity among all plaintiff parties and all defendant parties." Id. By signing the Notice of Removal, remaining defendants ExxonMobil and Mobil Exploration signified their consent to the removal. Id. at 14.

This matter is before the court on Plaintiffs' and Intervenor Plaintiffs' Motion for Remand. Plaintiffs argue removal of this action was improper because CAFA does not apply, removal was untimely, and defendants have failed to meet their burden of proof with respect to the amount in controversy.

Resolution of plaintiffs' motion depends on when this action commenced as to the removing defendants because CAFA only applies "to any civil action

---

[5]Although the Custer County action was styled Dobbins v. Mobil Oil Corporation, when defendants removed it to this court they styled it Weber v. Mobil Oil Corporation. Mel Jean Weber is the Special Personal Representative of the Estate of Tom Ruble. She was substituted for Tom Ruble upon his death. *See* Exhibit 16-96 to Notice of Removal.

7

commenced on or after [February 18, 2005]." 119 Stat. at 14. In Prime Care of Northeast Kansas, LLC v. Human Ins. Co., 447 F.3d 1284 (10th Cir. 2006), the Court of Appeals for the Tenth Circuit addressed "whether CAFA permits the removal of a class action filed before the Act's effective date if the removing defendant was first added by amendment after the effective date." Id. at 1285. The answer, the Court held, depends on whether "the amendment relates back to the pre-CAFA pleading that is being amended." Id. at 1289. In response to the court's request for supplemental briefing discussing the impact of the Court's decision in Prime Care, MEPUS and MNGI argue CAFA applies because the Petition in Intervention constitutes a completely new case, asserting new claims against defendants the Mannering Plaintiffs had never before sued.[6] This argument, however, elevates form over substance and ignores the reality of the case. MEPUS and MNGI concede this case commenced *as to them* at least as of December 21, 2004. Id. at 8-9. They were thus not "first added by amendment" after CAFA's effective date. Furthermore, Judge Smith allowed the Mannering Plaintiffs to intervene only if their intervention did not alter the claims asserted or the class definition. Thus, the Petition in Intervention, by court order, was merely a continuation of the action as it existed on December 21, 2004; it did not add any new defendants and therefore did not

---

[6]Mobil Natural Gas, Inc.'s and Mobil Exploration and Producing U.S., Inc.'s Brief Concerning PrimeCare of Northeast Kansas v. Human Insurance Company at 3 [hereinafter cited as "Defendants' Supplemental Brief"].

commence an action as to MEPUS and MNGI after the effective date of CAFA. CAFA therefore does not apply to this action.

The issue thus becomes whether the Second Amended Petition filed on December 21, 2004 relates back to the filing of the initial Petition in May 2001. If it does, removal was untimely under 28 U.S.C. § 1446(b), which provides that

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Relation-back is determined under Oklahoma law, which tracks federal law. Prime Care, 447 F.3d at 1289 n.6; Pan v. Bane, __ P.3d __, 2006 WL 1835995 at *2 (Okla. July 5, 2006). Under Oklahoma law, three requirements must be met before an amendment adding a party will relate back to a prior pleading. First, the claims must arise out of the same conduct, transaction, or occurrence as set forth in the prior pleading. Id. at *3. Second, the party to be added must have had timely notice of the action, either actual or constructive. Id. at *4. Constructive notice will be imputed if the party to be added has sufficient "identity of interest" with the original defendant. Id. For identity of interest to be found, the parties must be "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the

litigation to the other." Id.  Finally, for relation-back to apply, the added defendants must have known or should have known that but for a mistake of identity, they would have been named as defendants.  Id. at *3.

There is no dispute that the claims set forth in the Second Amended Petition arise out of the same conduct covered by the original Petition.  Thus, the first requirement is met.  Based on the record before the court, the court must find that the identity of interest requirement is also satisfied.  In the Second Amended Petition, plaintiffs allege that MEPUS and MNGI are wholly owned subsidiaries of ExxonMobil, which defendants admit.  Plaintiffs also claim ExxonMobil "managed the operations of [ExxonMobil, Mobil Exploration], MEPUS, MNGI, and other affiliated entities, such that they were mere instrumentalities or alter-egos of [ExxonMobil]."  Exhibit 16-66 to Notice of Removal at ¶ 9.  While defendants' answers contain general denials of this allegation,[7] there is nothing in the record to dispute plaintiffs' allegation.  Defendants' argument that "the Intervention Petition itself establishes that MNGI and MEPUS are individual and distinct entities with distinct citizenships"[8] misstates the identity-of-interest test and misapprehends who has the burden of proof.  Under Oklahoma law, whether entities are "individual and distinct" is not the issue; the linchpin is whether the entities "are so closely related in their business

---

[7] Exhibit 16-72 to Notice of Removal at 10, ¶ 9; Answer of Mobil Natural Gas, Inc. and Mobil Exploration & Producing, U.S., Inc. to Plaintiffs' Second Amended Petition at ¶ 9 (attached to Notice of Filing Supplemental Copy (Doc. No. 48).

[8] Defendants' Supplemental Brief at 9 n.16.

operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." Pan, at *4. In ruling on plaintiffs' motion to remand, the court must assume the truth of the factual allegations contained in the Second Amended Petition, including the allegation of identity of interest. *See* Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-52 (3d Cir. 1992). Moreover, it is *defendants'* burden to establish compliance with all aspects of the removal statute, including the procedural requirements of § 1446(b). It is thus their burden to demonstrate the Second Amended Petition does not relate back to the initial filing date. They have not done so with respect to the notice requirement,[9] nor have they presented any information from which the court could determine the third requirement was not met.

> A mistake under Rule 15(c)(3) exists where a plaintiff intended to sue the proper party but misidentified or misnamed him or her in the original pleading and the new party knew within time that he or she would have been sued but for the plaintiff's mistake.

---

[9]In state court briefing on the motion to amend, Dobbins asserted MEPUS and MNGI "have been aware of and on notice of this case since its initial filing. Furthermore, the parent corporation of the two new defendants has produced records from these two affiliates, relating to the affiliate transactions engaged in by these ExxonMobil entities with regard to the Putnam Osewgo Unit." Exhibit 16-65 to Notice of Removal at 6. Defendants have not disputed these statements. Furthermore, counsel for MEPUS and MNGI was counsel of record for ExxonMobil and Mobil Exploration in the federal case. *Compare* Mannering, Entry of Appearance of Brian S. Engel (Doc. No. 26) *with* Exhibits 16-84 and 16-87 to Notice of Removal. Although Mr. Engel was not counsel of record for ExxonMobil and Mobil Exploration in the Custer County action, his representation of those clients in a closely related action constitutes circumstantial evidence of identity of interest. *See* Pan, at *5.

Id. at *7-8. Defendants have presented no evidence that plaintiffs were aware of all defendants and made a tactical choice not to name MEPUS and MNGI. The court's review of the voluminous removal documents indicates the exact opposite occurred. During the hearing on Dobbins' motion to amend counsel for plaintiffs stated:

> While I think in their discovery responses in March we were aware of the existence of these subsidiaries. It wasn't until we examined the documents that were made available to us in July and – and – June and July that we became aware of how those subsidiaries fit within the overall operations of the Putnam Oswego Unit. It wasn't until we examined those documents that we had the basis for amending the petition to add them.

Exhibit 16-78 to Notice of Removal at 9-10.

All doubts about the propriety of removal must be resolved in favor of remand. As defendants have failed to demonstrate the Second Amended Petition did not relate back to the initial filing date, they have not established that they removed this action in a timely manner. Although procedural defects in removal are waivable,[10] plaintiffs have not done so here. They have vigorously contested the timeliness of the removal notice. The failure to comply with the one-year limitation for removal of diversity actions renders the removal defective and subject to remand. Huffman, 194 F.3d at 1077. Given the "presumption against removal jurisdiction"[11] and defendants' failure of proof, the court finds remand of this action is warranted.

---

[10] Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1077 (10th Cir. 1999).

[11] Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

In sum, Plaintiffs' and Intervenor Plaintiffs' Motion for Remand (Doc. No. 32) is GRANTED. This matter is REMANDED to the District Court of Custer County, Oklahoma.

It is so ordered this 20th day of July, 2006.

*Tim Leonard*
TIM LEONARD
United States District Judge